803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
JAMES PORTER WILLIAMS, Defendant-Appellant
 No. 85-3853.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 Before: MARTIN and JONES, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 James Williams appeals his conviction for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a). On March 14, 1985 Williams telephoned the Orlando, florida police department from a local motel and told them he wanted to confess to a series of criminal acts. Two officers were dispatched to the motel where Williams was given his Miranda rights and asked to accompany the officers to the police station. After signing a Miranda waiver at the police station, Williams proceeded to confess to having robbed the Capitol Bank in Miami, Florida, the Atlanta Inn in Atlanta, Georgia, a branch of the Bancohio in Cleveland, Ohio, and having forged and cashed checks in Cleveland, Ohio, and St. Louis, Missouri. Upon the completion of this interview with the Orlando police, Williams was interviewed by the F.B.I. After signing another waiver of his rights, he again confessed to these same offenses. While Williams was upset and contrite during the course of these interviews, he appeared to the officers to be alert and coherent at all times. He never asked to discontinue the interviews, nor did he ever request the assistance of counsel.
 
 
 2
 Following his indictment by a grand jury in Cleveland, Ohio on one of the offenses, Williams moved to suppress the confessions and the derivative evidence. When the motion was denied Williams entered a conditional plea of guilty, pursuant to Fed. R. Crim. P. 11(a)(2), reserving the right to appeal the denial of his motion to suppress. On October 7, 1985, Williams was given a ten-year sentence.
 
 
 3
 Williams' sole contention here is that his confession and other statements made to law enforcement agents should have been suppressed because they were not made voluntarily. He argues that because of his mental incompetence at the time the statements were made he was incapable of voluntarily waiving his Miranda rights.
 
 
 4
 Townsend v. Sain, 372 U.S. 293 (1963), held that statements of confessions made during a time of mental incompetency are involuntary, and consequently, inadmissible. In this case, however, no persuasive evidence was presented of Williams' incompetence at the time of his confession to the Orlando police or to the F.B.I. Expert evidence was offered but was found to be conflicting and not determinative. The court below properly found that Williams' statements were voluntary, based upon the testimony of the Orlando, Florida police department members and the F.B.I., who were present when the confessions were made. See United States v. Watson, 591 F.2d 1058, 1061 (5th Cir.), cert. denied, 441 U.S. 965 (1979). We therefore affirm the finding of the district court that the statements made by Williams to the F.B.I. and the Orlando police were not excludable.
 
 
 5
 Although ample evidence supports the conclusion that Williams was competent at the time these statements were made, Williams was legally in custody when taken from his motel and transported to police headquarters. Because police custody such as this clearly limits freedom and allows for raising an issue of coercion, the statement made by the district court in footnote one on page 5 and 6 of Memorandum of Opinion is clearly erroneous. Williams' claim is and has been that his confession was negated by his lack of mental competence. We agree with the factual finding of the district court that upon this record Williams was mentally competent to waive his constitutional rights to counsel and admit his guilt. No other issue was before this Court nor the district court.
 
 
 6
 Judgment affirmed.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation